IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES HOPKINS, | ) CIVIL NO. 19-00054 JMS-KJM |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO DISMISS |
| vs. | ) COMPLAINT |
| | ) |
| RESEARCH CORPORATION of the | ) |
| UNIVERSITY OF HAWAII, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

<u>FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT</u>

On January 27, 2019, Plaintiff James Hopkins ("Hopkins") filed a Complaint against Defendant Research Corporation of the University of Hawaii ("RCUH"). ECF No. 1. That same day, Hopkins filed an Application to Proceed in District Court Without Paying Fees or Costs ("IFP Application") (ECF No. 2) and a Request for Appointment of Counsel (ECF No. 3). On March 20, 2019, the district court entered an Order Denying Without Prejudice: (1) Application to Proceed in District Court Without Prepaying Fees or Costs; and (2) Request for Appointment of Counsel ("03/20/2019 Order"). ECF No. 8.

On September 18, 2019, October 3, 2019, and October 23, 2019, the Court held a series of settlement conferences. ECF Nos. 28-30. At an April 3, 2020

Status Conference, the Court continued trial to November 2020. ECF No. 38. At an October 1, 2020 Status Conference, Hopkins requested to amend his Complaint. ECF No. 46. The Court directed Hopkins to file a motion to amend his Complaint. *Id.* Hopkins did not file a motion to amend.

The Court held a further scheduling conference on March 19, 2021, at which Hopkins and counsel for RCUH agreed the case was not ready for trial. Accordingly, the Court continued the trial to August 24, 2021. ECF No. 49. Hopkins again asserted his intention to amend his Complaint, and the Court gave him a deadline of April 2, 2021, to seek relief from the deadline to amend set forth in the Scheduling Order. *Id.* No such motion followed.

After another unsuccessful settlement conference on May 28, 2021, the Court set a status conference for June 15, 2021. ECF No. 54. Hopkins did not appear at the June 15, 2021 Status Conference, at which the Court continued the jury trial to November 9, 2021 and ordered that all other deadlines remain unchanged. *Id.* Pursuant to the Fourth Amended Scheduling Order, Final Pretrial Statements were due by July 6, 2021. ECF No 55 at 2. Hopkins did not meet this deadline. RCUH timely filed its Final Pretrial Statement. ECF No. 56.

On July 7, 2021, the Court entered an Order to Show Cause ("07/07/2021 OSC"), ordering Hopkins to explain in writing by July 21, 2021, why the Complaint should not be dismissed for Hopkins's failure to file his Final Pretrial

2

Statement. ECF No. 57. In the 07/07/2021 OSC, the Court warned Hopkins that failure to comply would provide a basis for the imposition of sanctions, including but not limited to fines, dismissal, and other appropriate action. ECF No. 57 at 3-4 (citing LR11.1). Hopkins did not respond to the 07/07/2021 OSC and has not filed a motion to amend his complaint or his Final Pretrial Statement.

DISCUSSION

It is well-established that the Court may dismiss an action for failure to prosecute pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 41(b). *States S. S. Co. v. Philippine Air Lines*, 426 F.2d 803, 804 (9th Cir. 1970). The overarching theme of Rule 41(b) is to encourage a plaintiff to prosecute his case with reasonable diligence. *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). In addition, Rule 16.1 of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules") directs all litigants to "proceed with diligence to take all steps necessary to bring an action to readiness for trial." When a litigant fails to prosecute the case with such diligence, the court may impose sanctions, including dismissal of the case. LR16.1.

To determine whether to dismiss a case for lack of prosecution, the court must weigh the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice the defendant; (4) the availability of less drastic alternatives; and (5) the

public policy favoring the disposition of cases on their merits ("*Pagtalunan* factors"). *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

    Notwithstanding the Court's instruction to Hopkins in the 07/07/2021 OSC directing Hopkins to explain why this action should not be dismissed for failure to comply with court-ordered deadlines, Hopkins has failed to reply and failed to file the requisite documents. Nor has Hopkins provided the Court any reason for his failure to do so. For the reasons set forth below, the Court finds that dismissal of the claims against RCUH is appropriate given Hopkins's failure to prosecute.

    First, the public's interest in expeditious resolution of this litigation weighs in favor of dismissal because this case has been pending since January 2019 and Hopkins has ceased appearing to prosecute this case.

    Second, the Court's need to manage its docket weighs strongly in favor of dismissal because Hopkins's failure to prosecute this action has interfered with the Court's ability to manage its docket. To date, Hopkins fails to provide sufficient reasoning as to why he has not appeared since a May 28, 2021 settlement conference and has not complied with pretrial deadlines.

    Third, the risk of prejudice to RCUH weighs heavily in favor of dismissal. RCUH will suffer prejudice if this case continues to trial without Hopkins' participation. Hopkins' inaction has impaired RCUH's ability to proceed to trial

and threatens to interfere with the resolution of this case. *See Pagtalunan*, 291 F.3d at 642 (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). The Final Pretrial Statement is a significant document that directs the parties to provide twenty-two categories of information to the court and other parties, including the alleged basis for jurisdiction, witnesses to be called, exhibits, outstanding discovery or motions, status of settlement discussions, and estimated length of trial. Allowing Hopkins to proceed without filing the Final Pretrial Statement would significantly prejudice RCUH.

Fourth, less drastic sanctions are not appropriate. The Court reminded Hopkins of the impending trial date and of his obligation to meet the pretrial deadlines. ECF No. 51. The Court also issued the 07/07/2021 OSC warning Hopkins that his failure to respond would result in a recommendation that this action be dismissed without prejudice. ECF No. 57 at 3-4. Nonetheless, the record reflects that Hopkins has not responded to this Court's 07/07/2021 OSC and has not filed his Final Pretrial Statement. Thus, the Court finds that it would be futile to recommend a lesser sanction because Hopkins has demonstrated that such action would not compel him to take the necessary steps to prosecute this action.

Finally, public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). Thus, this factor weighs against dismissal. However, this Court finds that because four of the factors weigh

in favor of dismissal, this final factor is outweighed. Accordingly, dismissal is appropriate.

Notwithstanding this Court's finding that Hopkins has failed to prosecute this case and has failed to respond to the 07/07/2021 OSC, the Court finds that these failures do not provide sufficient grounds to support dismissal with prejudice. The Court finds that four of the five *Pagtalunan* factors weigh in favor of dismissal; however, under these circumstances, these factors do not weigh "strongly" in favor of dismissal. *Cf. In re Lagmay*, CIV. NO. 15-00166 DKW/RLP, 2015 WL 5970667, at *2 (D. Haw. Oct. 13, 2015), *aff'd sub nom.*, *Lagmay v. Nobriga*, No. 15-17068, 2016 WL 7407294 (9th Cir. Dec. 22, 2016) (dismissal with prejudice is appropriate when at least three of the *Pagtalunan* factors weigh "strongly" in support of dismissal). Accordingly, the Court finds that dismissal is appropriate and recommends that the district court dismiss Hopkins' claims against RCUH without prejudice.

//

//

//

//

//

//

CONCLUSION

For the foregoing reasons, the Court FINDS and RECOMMENDS that the district court dismiss this case without prejudice for Hopkins's failure to prosecute.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, July 23, 2021.



Kenneth J. Mansfield
United States Magistrate Judge

*Hopkins v. Research Corporation of the University of Hawaii*, Civil No. 19-00054 JMS-KJM; FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT